# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| NORDIC INTERACTIVE TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No.: 6:20-CV-00064 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nordic Interactive Technologies LLC ("Nordic"), for its Complaint against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") states as follows:

## NATURE OF THE CASE

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## PARTIES

2.      Plaintiff Nordic is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 8105 Rasor Boulevard, Suite 210 Plano, Texas 75024.

3.      Defendant Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea, and located at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Republic of Korea.

4.      Defendant Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and offices and/or other facilities at least at 12100 Samsung Blvd, Austin, Texas 78754; 2800 Wells Branch Pkwy, Austin, Texas 78728; 1301 East Lookout Drive, Richardson, Texas 75082; and 6635 Declaration Drive, Plano, Texas 75023. Samsung Electronics America, Inc. may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite. 900, Dallas, Texas 75201.

5.      Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd.

6.      Defendant Samsung Electronics Co., Ltd. is composed of three business units. One business unit (the CE Division) makes and sells consumer electronics, such as televisions and refrigerators. A second business unit (Mobile Division) makes and sells mobile devices, such as smartphones and tablets. A third business unit (LSI Division) makes and sells semiconductor chips, such as application processors, which are incorporated into smartphones, such as those made and sold by the Mobile Division.

7.      Defendant Samsung Electronics America, Inc. is the U.S. subsidiary that sells Samsung's consumer electronics and mobile devices in the United States, including those that incorporate the infringing technologies.

8.      Defendants have and/or maintain authorized sellers and sales representatives that offer and sell products pertinent to this Complaint throughout the State of Texas, including this District and to consumers throughout this District, such as: AT&T Store at 4330 W Waco Drive, Waco, Texas 76710; Verizon Authorized Retailer at 2812 W Loop 340, Suite# H-12, Waco, Texas, 76711; Best Buy at 4627 S Jack Kultgen Expy, Waco, Texas 76706; and Amazon.com.

## JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq.*

10.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. because, directly or through intermediaries, each has committed acts within the Western District of Texas giving rise to this action and/or has established minimum contacts with the Western District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

12.     For example, Samsung Electronics America maintains regular and established place offices in the Western District of Texas, including at 12100 Samsung Blvd, Austin, Texas 78754 and 2800 Wells Branch Pkwy, Austin, Texas 78728.

13.     Further, on information and belief, Samsung Electronics Co., Ltd. directs and controls the actions of Samsung Electronics America such that it too maintains regular and established offices in the Western District of Texas, including at 12100 Samsung Blvd, Austin, Texas 78754, and 2800 Wells Branch Pkwy, Austin, Texas 78728.

14.     Samsung Electronics Co., Ltd. also owns and operates a manufacturing facility in Austin, Texas.

15.     In addition, Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. have placed or contributed to placing infringing products into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in the Western District of Texas.

16.     On information and belief, Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. also have each derived substantial revenue from infringing acts in the Western District of Texas, including from the sale and use of infringing products.

17.     Venue is proper under 28 U.S.C § 1391(b)-(c) and 28 U.S.C. § 1400.

18.     In particular, Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea, and Samsung Electronics America, Inc. has maintained regular and established places of business at 12100 Samsung Blvd, Austin, Texas 78754 and 2800 Wells Branch Pkwy, Austin, Texas 78728.

19.     On information and belief, each Defendant exercises direction and control over the performance of each other Defendant, or they form a joint enterprise such that the performance by one Defendant is attributable to each other Defendant.

## THE ASSERTED PATENTS

20.     On September 15, 2009, U.S. Patent Number 7,590,097 (the "'097 Patent"), entitled "Device Detection and Service Discovery System and Method for a Mobile Ad Hoc Communications Network," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '097 Patent is attached as Exhibit A to this Complaint.

21.     The '097 Patent issued from U.S. patent application Serial Number 10/662,407 filed on September 16, 2003 and discloses and relates to communications between devices in a wireless communications network.

22.     The '097 Patent claims patent-eligible subject matter and is valid and enforceable.

23.     Nordic is the sole owner of all rights, title, and interest in and to the '097 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '097 Patent.

24.     On February 5, 2002, U.S. Patent Number 6,345,095 (the "'095 Patent"), entitled "Telephone Number Area Code Preprocessor," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '095 Patent is attached as Exhibit B to this Complaint.

25.     The '095 Patent issued from U.S. patent application Serial Number 09/291,213 filed on April 14, 1999 and discloses and relates to apparatus and method for processing telephone numbers.

26.     The '095 Patent claims patent-eligible subject matter and is valid and enforceable.

27.     Nordic is the sole owner of all rights, title, and interest in and to the '095 Patent including the right to sue for and collect past damages and any other relief for infringement of the '095 Patent.

## THE ACCUSED PRODUCTS

28.     Defendants make, use, sell, offer for sale, and/or import into the United States consumer electronics that infringe at least claims 19-24 of the '097 Patent (the "'097 Accused Products").

29.     The '097 Accused Products include: (1) all non-cellular Samsung electronic devices running Android Mobile Operating System 4.1 or later versions, incorporating the Bluetooth 2.1 or later version standard using Extended Inquiry Response; (2) all non-cellular Samsung electronic devices running Chrome OS incorporating the Bluetooth 2.1 or later version standard using Extended Inquiry Response; (3) all non-cellular Samsung electronic devices running Android Mobile Operating System that support Wi-Fi Direct; and (4) all Samsung televisions running the Tizen operating system that support Wi-Fi Direct.

30.     Such '097 Accused Products include, but are not limited to, the Samsung Galaxy Tab S4 Wi-Fi, Samsung Galaxy Tab S3 (Wi-Fi), Samsung Galaxy Tab S2 Wi-Fi series (S2 8.0 and S2 9.7), Samsung Galaxy Tab S2 VE Wi-Fi series (S2 8.0 and S2 9.7), Samsung Kids Tab E Lite (Wi-Fi), Samsung Galaxy Tab A Wi-Fi series (8.0, 9.7, and 10.1), Samsung Galaxy Tab 3 series (Wi-Fi), Samsung Galaxy Tab E Wi-Fi series (7.0, 8.0, and 9.6), Samsung Galaxy Tab S Wi-Fi series (8.4 and 10.5), Samsung Galaxy Tab 4 Wi-Fi series (7.0, 8.0 and 10.1), Samsung Galaxy Tab Pro Wi-Fi series (8.4 and 10.1), Samsung Galaxy Tab 3 Wi-Fi series (7.0, 8.0, and 10.1), Samsung Galaxy Tab 2 Wi-Fi series (7.0 and 10.1), and all other non-cellular devices running Android Mobile Operating System 4.1 or later incorporating versions of Bluetooth 2.1 or later.

31.     Such '097 Accused Products also include, but are not limited to, the Samsung Chromebook Pro, Samsung Chromebook 3, Samsung Chromebook Plus V2, Samsung Chromebook Plus, Series 3 Chromebook, Samsung Series 5, and all other devices running Chrome OS and incorporating versions of Bluetooth 2.1 or later.

32.     Such '097 Accused Products also include, but are not limited to, the Samsung 2015 SUHD 4K TVs (UN65JS9500, UN78JS9100, UN65JS9000, etc.), Samsung Q70/Q70R QLED, Samsung KS 9800, Samsung KU 66xx, Samsung Q8FN/Q8CN, Samsung NU8, Samsung Q9, Samsung MU7, and all other Samsung televisions running the Tizen operating system that support Wi-Fi Direct.

33.     Defendants made, used, sold, offered for sale, and/or imported into the United States consumer electronics that infringed at least claims 16 and 30 of the '095 Patent (the "'095 Accused Products").

34.     The '095 Accused Products include all Samsung electronic devices running Android Mobile Operating System supporting telephony functionalities.

35.     Such '095 Accused Products include, but are not limited to, the Galaxy Fold, Galaxy S series (S10, S9, S8, and S7), Galaxy M series (M30, M20, and M10), Galaxy Note series (Note9, Note8, and Note7), Galaxy A series (A9, A8, A7, A6, A5, A30, and A50), Galaxy J series (J8, J7, J6, J5, J4, J3, and J2), Galaxy On Series (On8, On7, On6, On5), Galaxy On Pro Series (On8 Pro, On7 Pro, On6 Pro, On5 Pro), Galaxy Young series, Galaxy Mega series, and all other devices running Android Mobile Operating System supporting telephony functionalities.

## COUNT I – INFRINGEMENT OF THE '097 PATENT

36.     Nordic hereby realleges paragraphs 1 through 35 as though fully set forth herein.

37.     Defendants directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe at least claims 19-24 of the '097 Patent pursuant to 35 U.S.C. §§ 271(a) by making, using, selling,  or offering to sell, and/or importing in the United States, the '097 Accused Products.

38.     On information and belief, the '097 Accused Products provide a method for performing device detection and service discovery in a mobile ad hoc communications network, comprising: conducting an inquiry to discover nearby devices, determining, whether a discovered nearby device provides an indication that it may include a middleware software, the middleware software configured for providing application and service discovery; when the discovered nearby device does not provide an indication that it may include the middleware software: disconnect communication session establishment with the discovered nearby device; when the discovered nearby device provides an indication that it may include the middleware software: creating a wireless short-range communication connection to discovered nearby device; confirming whether said nearby device includes the middleware software by requesting corresponding information

from said nearby device via the wireless short-range communication connection; and when said nearby device includes the middleware software: executing the middleware software to perform application and service discovery with said nearby device.

39.     Defendants have actual notice of the '097 Patent and the infringement alleged herein at least as early as November 1, 2018.

40.     Defendants have failed to take adequate steps to determine whether or not they were infringing or would infringe the '097 Patent, despite having been on notice of and lacking permission to practice the '097 Patent.

41.     Therefore, Defendants are liable for infringement of the '097 Patent and its infringement has been and continues to be willful in nature.

42.     Plaintiff Nordic has incurred and will continue to incur substantial damages, including monetary damages.

43.     Plaintiff Nordic has been and continues to be irreparably harmed by Defendants' infringement of the '097 Patent.

44.     Therefore, Plaintiff Nordic is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## COUNT II – INFRINGEMENT OF THE '095 PATENT

45.     Nordic hereby realleges paragraphs 1 through 44 as though fully set forth herein.

46.     Defendants directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe at least claims 16 and 30 of the '095 Patent pursuant to 35 U.S.C. §§ 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the '095 Accused Products.

47.     On information and belief, the '095 Accused Products provide a method for processing telephone numbers, comprising the steps of: monitoring call initiation signals from a calling party; receiving, responsive to the monitoring step, called party information; producing, responsive to the called party information, a list of telephone numbers; and selecting, responsive to the producing step, a target telephone number from the list of telephone numbers.

48.     Defendants have actual notice of the '095 Patent and the infringement alleged herein at least as early as November 1, 2018.

49.     Defendants have failed to take adequate steps to determine whether or not they were infringing or would infringe the '095 Patent, despite having been on notice of and lacking permission to practice the '095 Patent.

50.     Therefore, Defendants are liable for infringement of the '095 Patent and its infringement has been willful in nature.

51.     Plaintiff Nordic has incurred substantial damages, including monetary damages.

52.     Plaintiff Nordic has been irreparably harmed by Defendants' infringement of the '095 Patent.

53.     Therefore, Plaintiff Nordic is entitled, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nordic requests that judgment be entered in favor of Nordic and against the Defendants, and that Nordic be granted the following relief:

(i)      A declaration that the '097 Patent is valid and enforceable;

(ii)     A declaration that the '095 Patent is valid and enforceable;

(iii)    A declaration that Defendants have directly infringed one or more claims of the '097 Patent, either literally and/or under the doctrine of equivalents;

(iv)   A declaration that Defendants have directly infringed one or more claims of the '095 Patent, either literally and/or under the doctrine of equivalents;

(v)   An award of damages sufficient to compensate Nordic for Defendants' infringement of the '097 Patent pursuant to 35 U.S.C. § 284;

(vi)   An award of damages sufficient to compensate Nordic for Defendants' infringement of the '095 Patent pursuant to 35 U.S.C. § 284;

(vii)   An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(viii)   A payment of ongoing royalties in an amount to be determined for any continued infringement after the date that judgement is entered;

(ix)   Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(x)   An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case provided by 35 U.S.C. § 285;

(xi)   Enjoin each Defendant, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing from further infringement of the '097 Patent; and

(xii)   Such other and further relief as this Court shall deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of any and all issues triable of right before a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## RESERVATION OF RIGHTS

Plaintiff's investigation is ongoing, and certain material information remains in the sole possession of Defendants or third parties, which will be obtained via discovery herein. Plaintiff expressly reserves the right to amend or supplement the causes of action set forth herein in accordance with Rule 15 of the Federal Rules of Civil Procedure.

Dated:  January 28, 2020

Respectfully submitted,

/s/ *Robert Christopher Bunt*

William Cory Spence
Jason Wejnert
Alok Parikh
SpencePC
515 N. State St., Suite 1801
Chicago, Illinois 60654
312-404-8882
william.spence@spencepc.com
jason.wejnert@spencepc.com
alok.parikh@spencepc.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No.  00783521
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 418
Tyler, TX 75702
903/531-3535
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

*ATTORNEYS FOR PLAINTIFF*