UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NORDIC INTERACTIVE TECHNOLOGIES LLC,<br><br>Plaintiff<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Civil Action No. 6:20-CV-00064<br><br>JURY TRIAL DEMANDED |

**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") respectfully submit this Answer to Plaintiff's Complaint for Patent Infringement (the "Complaint") and state as follows:

## NATURE OF THE CASE

1. Samsung admits that this is an action for patent infringement. Except as specifically admitted, Samsung denies the remaining allegations of paragraph 1 of the Complaint.

## PARTIES

2. Samsung lacks sufficient knowledge or information to admit or deny the allegations in paragraph 2 of the Complaint, and on that basis denies each and every allegation.

3.     Samsung admits that SEC is a corporation organized and existing under the laws of the Republic of Korea. Samsung admits that SEC is located at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Republic of Korea. Except as specifically admitted, Samsung denies the remaining allegations of paragraph 3 of the Complaint.

4.     Samsung admits that SEA is a corporation organized and existing under the laws of the state of New York. Samsung admits that SEA has its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung admits that SEA has designated CT Corporation System to accept service of process. Except as specifically admitted, Samsung denies the remaining allegations of paragraph 4 of the Complaint.

5.     Samsung admits that SEA is a wholly-owned subsidiary of SEC.

6.     Samsung admits that SEC has business units responsible for consumer electronics, mobile devices, and semiconductor chips. Except as specifically admitted, Samsung denies the remaining allegations of paragraph 6 of the Complaint.

7.     Samsung admits that SEA is a U.S. subsidiary of SEC that sells Samsung consumer electronics and mobile devices in the United States. Except as specifically admitted, Samsung denies the remaining allegations of paragraph 7 of the Complaint.

8.     Samsung admits that it maintains authorized sellers and sales representatives that offer and sell its products in the State of Texas and to consumers in this District. Except as specifically admitted, Samsung denies the remaining allegations of paragraph 8 of the Complaint.

**JURISDICTION AND VENUE**

9.     Samsung admits that this action purports to arise under the federal patent statutes of the United States.

US 167879409v1

10. Samsung admits that this Court has subject matter jurisdiction over the allegations as pled under 28 U.S.C. §§ 1331 and 1338(a).

11. Samsung admits that, for the purposes of this action only, the Court has personal jurisdiction over SEC. Samsung admits that, for the purposes of this action only, the Court has personal jurisdiction over SEA. Except as expressly admitted, Samsung denies the remaining allegations in paragraph 11 of the Complaint.

12. SEC admits that a subsidiary operates a manufacturing facility in Austin, Texas. Samsung denies the remaining allegations of paragraph 12 of the Complaint.

13. SEC admits that a subsidiary operates a manufacturing facility in Austin, Texas. Samsung denies the remaining allegations of paragraph 13 of the Complaint.

14. SEC admits that a subsidiary owns and operates a manufacturing facility in Austin, Texas. Samsung denies the remaining allegations of paragraph 14 of the Complaint.

15. Samsung denies the allegations of paragraph 15 of the Complaint.

16. Samsung denies the allegations of paragraph 16 of the Complaint.

17. Samsung admits, for the purposes of this action only, that venue appears to be proper in this judicial district, but denies that venue is convenient.

18. Samsung admits that SEC is a corporation organized and existing under the laws of the Republic of Korea. Except as expressly admitted, Samsung denies the remaining allegations in paragraph 18 of the Complaint.

19. Samsung denies the allegations of paragraph 19 of the Complaint.

**THE ASSERTED PATENTS**

20. Samsung admits that United States Patent No. 7,590,097 (the "'097 Patent") on its face lists an issuance date of September 15, 2009 and bears the title "Device detection and service

discovery system and method for a mobile ad hoc communications network." Samsung admits that Plaintiff purports to attach a copy of the '097 Patent to the Complaint, but it lacks sufficient information to admit or deny whether the attached copy is a true and correct copy of the '097 Patent. Except as expressly admitted, Samsung denies the allegations in paragraph 20 of the Complaint.

21. Samsung admits that the '097 Patent on its face states it was issued from U.S. Patent Application Serial Number 10/662,407 filed on September 16, 2003. Except as expressly admitted, Samsung denies the allegations in paragraph 21 of the Complaint.

22. Samsung denies the allegations of paragraph 22 of the Complaint.

23. Samsung denies the allegations of paragraph 23 of the Complaint.

24. Samsung admits that United States Patent No. 6,345,095 (the "'095 Patent") on its face lists an issuance date of February 5, 2002 and bears the title "Telephone number area code preprocessor." Samsung admits that Plaintiff purports to attach a copy of the '095 Patent to the Complaint, but it lacks sufficient information to admit or deny whether the attached copy is a true and correct copy of the '095 Patent. Except as expressly admitted, Samsung denies the allegations in paragraph 24 of the Complaint.

25. Samsung admits that the '095 Patent on its face states it was issued from U.S. Patent Application Serial Number 09/291,213 filed on April 14, 1999. Except as expressly admitted, Samsung denies the allegations in paragraph 25 of the Complaint.

26. Samsung denies the allegations of paragraph 26 of the Complaint.

27. Samsung denies the allegations of paragraph 27 of the Complaint.

**THE ACCUSED PRODUCTS**

28. Samsung denies the allegations of paragraph 28 of the Complaint.

29. Samsung denies the allegations of paragraph 29 of the Complaint.

30. Samsung denies the allegations of paragraph 30 of the Complaint.

31. Samsung denies the allegations of paragraph 31 of the Complaint.

32. Samsung denies the allegations of paragraph 32 of the Complaint.

33. Samsung denies the allegations of paragraph 33 of the Complaint.

34. Samsung denies the allegations of paragraph 34 of the Complaint.

35. Samsung denies the allegations of paragraph 35 of the Complaint.

## COUNT I - INFRINGEMENT OF THE '097 PATENT

36. Samsung incorporates its responses to paragraphs 1-35 of the Complaint herein.

37. Samsung denies the allegations of paragraph 37 of the Complaint.

38. Samsung denies the allegations of paragraph 38 of the Complaint.

39. Samsung denies the allegations of paragraph 39 of the Complaint.

40. Samsung denies the allegations of paragraph 40 of the Complaint.

41. Samsung denies the allegations of paragraph 41 of the Complaint.

42. Samsung lacks sufficient knowledge or information to admit or deny the allegations in paragraph 42, and on that basis denies each and every allegation.

43. Samsung lacks sufficient knowledge or information to admit or deny the allegations in paragraph 43, and on that basis denies each and every allegation.

44. Samsung denies the allegations of paragraph 44 of the Complaint.

## COUNT II - INFRINGEMENT OF THE '095 PATENT

45. Samsung incorporates its responses to paragraphs 1-44 of the Complaint herein.

46. Samsung denies the allegations of paragraph 46 of the Complaint.

47. Samsung denies the allegations of paragraph 47 of the Complaint.

US 167879409v1

48. Samsung denies the allegations of paragraph 48 of the Complaint.

49. Samsung denies the allegations of paragraph 49 of the Complaint.

50. Samsung denies the allegations of paragraph 50 of the Complaint.

51. Samsung lacks sufficient knowledge or information to admit or deny the allegations in paragraph 51, and on that basis denies each and every allegation.

52. Samsung lacks sufficient knowledge or information to admit or deny the allegations in paragraph 52, and on that basis denies each and every allegation.

53. Samsung denies the allegations of paragraph 53 of the Complaint.

## PRAYER FOR RELIEF

Although no response is required to Plaintiff's prayer for relief, Samsung denies that Plaintiff is entitled to any relief.

## JURY DEMAND

Plaintiff's jury demand contains conclusions of law to which no answer is required, but insofar as an answer to these statements may be deemed required, Samsung admits that Plaintiff demands a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Samsung contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these defenses, Samsung does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. In addition to the defenses described below, and subject to the responses above, Samsung intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses consistent with the facts that become known through the course of discovery or otherwise.

**FIRST DEFENSE**
(Noninfringement)

Samsung has not directly infringed, indirectly infringed, contributed to, or induced infringement of any valid or enforceable claim of any of the Asserted Patents, and has not otherwise committed acts in violation of 35 U.S.C. § 271 or any other theory of infringement (*e.g.*, the judicially created doctrine of equivalents).

The claims of the Asserted Patents are not entitled to any construction that would cover any product made, used, sold, offered for sale, or imported into the United States by Samsung.

**SECOND DEFENSE**
(Invalidity)

On information and belief, and subject to further discovery, each of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, or of any other applicable statutory provisions of Title 35 of the United States Code, or the rules and regulations of the United States Patent and Trademark Office.

**THIRD DEFENSE**
(Prosecution History Estoppel)

On information and belief, Plaintiff is estopped from claiming infringement by reason of acts, admissions, and/or statements during the prosecution of one or more of the patent applications upon which the Asserted Patents was based or to which the Asserted Patents claim priority.

**FOURTH DEFENSE**
(Limitation on Damages)

Plaintiff is barred in whole or in part from recovering damages under 35 U.S.C. §§ 286 and/or 288.

**FIFTH DEFENSE**
(Not an Exceptional Case/No Fees or Costs)

Plaintiff is not entitled to a finding that this case is exceptional or to attorneys' fees or costs under 35 U.S.C. § 285, or under any other authority or pursuant to the Court's inherent power.

**SIXTH DEFENSE**
(License and/or Exhaustion)

To the extent that Plaintiff has licensed or otherwise exhausted its rights and remedies as to products or services that are accused by way of the Complaint, Samsung is not liable to Plaintiff for any alleged acts of Infringement related to such products or services.

**SEVENTH DEFENSE**
(No Injunction)

On information and belief, Plaintiff cannot show that it is entitled to an injunction against Samsung, at least because there is an adequate remedy at law for Plaintiff's allegations, and/or Plaintiff's claims otherwise fail to meet the requirements for injunctive relief.

**EIGHTH DEFENSE**
(Failure to State a Claim Upon Which Relief May be Granted)

Plaintiff's complaint fails to state a claim upon which relief may be granted, including but not limited to because the Asserted Patents contain claims that cannot be infringed as made, used, sold, offered for sale, or imported into the United States by Samsung.

**NINTH DEFENSE**
(Marking and Notice)

To the extent that Plaintiff or its agents, predecessors in interest, or licensees in, to, or under the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C.

§ 287, or to otherwise give proper notice that Samsung's actions allegedly infringed the Asserted Patents, Samsung is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

**TENTH DEFENSE**
(Other Defenses)

Samsung further reserves the right to amend its Answer to include other affirmative defenses or other defenses that Samsung may learn of during the course of this action, including through fact and/or expert discovery.

**COUNTERCLAIMS**

1. Counterclaim-plaintiffs Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") hereby assert the following counterclaims against Counterclaim-defendant Nordic Interactive Technologies LLC ("Nordic") as follows:

**THE PARTIES**

2. SEC is a South Korean entity with its principal place of business at 129, Samseong-Ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, Republic of Korea.

3. SEA is a New York Corporation having its principal place of business at 85 Challenger Road, Ridgefield Park, NJ 07660.

4. On information and belief, Nordic is a Texas limited liability company with its principal place of business at 8105 Rasor Boulevard, Suite 210, Plano, Texas 75024.

**JURISDICTION AND VENUE**

5. Samsung restates and incorporates by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

6. Subject to its defenses and denials, Samsung alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) with respect to claims arising under the patent laws, 35.S.C. §§ 101 *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* based on an actual controversy between Nordic and Samsung due to Nordic's allegations of infringement of United States Patent Nos. 7,590,097 (the "'097 Patent") and 6,345,095 (the "'095 Patent") (collectively, the "Asserted Patents").

7. The Court has personal jurisdiction over Nordic, which has availed itself of this judicial district by filing its Complaint against Samsung in this Court.

8. Subject to Samsung's defenses and denials, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 for this action.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,590,097

9. Samsung restates and incorporates herein by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

10. On January 28, 2020, Nordic filed its Complaint in this Court, alleging infringement of the '097 Patent by Samsung.

11. Samsung has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '097 Patent.

12. As a result of Nordic's allegations, an actual case or controversy exists between Nordic and Samsung as to whether the '097 Patent is not infringed by Samsung.

13. Accordingly, Samsung is entitled to a declaratory judgment that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '097 Patent.

10
US 167879409v1

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,590,097

14. Samsung restates and incorporates herein by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

15. On January 28, 2020, Nordic filed its Complaint in this Court, asserting the '097 Patent against SEA.

16. The '097 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and of any other applicable statutory provisions of Title 35 of the United States Code, or the Rules and Regulations of the United States Patent and Trademark Office.

17. As a result of Nordic's allegations, an actual case or controversy exists between Nordic and Samsung as to the invalidity of the '097 Patent.

18. Accordingly, Samsung is entitled to a declaratory judgment that the '097 Patent is invalid.

## COUNT III: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,345,095

19. Samsung restates and incorporates herein by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

20. On January 28, 2020, Nordic filed its Complaint in this Court, alleging infringement of the '095 Patent by Samsung.

21. Samsung has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '095 Patent.

US 167879409v1

22. As a result of Nordic's allegations, an actual case or controversy exists between Nordic and Samsung as to whether the '095 Patent is not infringed by Samsung.

23. Accordingly, Samsung is entitled to a declaratory judgment that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '095 Patent.

## COUNT IV: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 6,345,095

24. Samsung restates and incorporates herein by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

25. On January 28, 2020, Nordic filed its Complaint in this Court, asserting the '095 Patent against Samsung.

26. The '095 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provisions of Title 35 of the United States Code, or the rules and Regulations of the United States Patent and Trademark Office.

27. As a result of Nordic's allegations, an actual case or controversy exists between Nordic and Samsung as to the invalidity of the '095 Patent.

28. Accordingly, Samsung is entitled to a declaratory judgment that the '095 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Samsung prays for judgement as follows:

a. A declaration that Samsung has not, under any theory, infringed, willfully infringed, contributed to the infringement of, induced infringement of, and does not infringe any of the claims of the Asserted Patents;

b. A declaration that the Asserted Patents are invalid and/or unenforceable;

c. A declaration that Nordic takes nothing by its Complaint;

d. A declaration enjoining Nordic, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening Samsung, or any of its customers, dealers, agents, servants, subsidiaries, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the Asserted Patents;

e. A judgement against Nordic and in favor of Samsung on the Counterclaims;

f. Dismissal of the Complaint with prejudice;

g. A declaration that this action is exceptional and an award to Samsung of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

h. A judgement limiting or barring Nordic's ability to enforce the Asserted Patents in equity; and

i. Any further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Samsung respectfully requests a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38(b).

| | |
|---|---|
| Dated: June 11, 2020 | Respectfully submitted: |

By: *Jin-Suk Park with permission,*
*by Michael E. Jones*
Jin-Suk Park   *(admitted)*
Atanas T. Baitchev *(pro hac vice)*
Juyoung Kim *(pro hac vice)*
Elizabeth H. Denning *(pro hac vice)*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: 202-942-5000
Jin.park@arnoldporter.com
Atanas.baitchev@arnoldporter.com
Juyoung.kim@arnoldporter.com
Elizabeth.denning@arnoldporter.com

Ryan Casamiquela *(pro hac vice)*
ARNOLD & PORTER KAYE SCHOLER LLP
10th Floor Three Embarcadero Center
San Francisco, CA 94111-4024
Tel: 415-471-3373
Ryan.casamiquela@arnoldporter.com

Ryan Nishimoto *(pro hac vice)*
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4000
Ryan.nishimoto@arnoldporter.com

Michael Sebba *(pro hac vice)*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: 212-836-8000
Michael.sebba@arnoldporter.com

Michael E. Jones *(admitted)*
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas  75702
Tel: (903) 597-8311
Fax: (903) 593-0846

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on June 11, 2020, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

                */s/ Michael E. Jones*