# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| NORDIC INTERACTIVE TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No.: 6:20-CV-00064-ADA<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF NORDIC INTERACTIVE TECHNOLOGIES LLC'S ANSWER TO DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S COUNTERCLAIMS

Plaintiff Nordic Interactive Technologies LLC ("Nordic" or "Plaintiff"), for its Answer to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") Counterclaims dated June 11, 2020, states as follows:

### COUNTERCLAIMS

For its counterclaims, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc ("Counterclaim Plaintiff") states as follows:

1. Counterclaim-plaintiffs Samsung Electronics Co. Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") hereby assert the following counterclaims against Counterclaim-defendant Nordic Interactive Technologies LLC ("Nordic") as follows:

**ANSWER:** Nordic admits Samsung asserts the following counterclaims against Nordic. Nordic denies all remaining allegations. Nordic denies that Samsung is entitled to any relief whatsoever.

## THE PARTIES

2. SEC is a South Korean entity with its principal place of business at 129, Samseong-Ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, Republic of Korea.

**ANSWER:** Admitted.

3. SEA is a New York Corporation having its principal place of business at 85 Challenger Road, Ridgefield Park, NJ 07660.

**ANSWER:** Nordic admits that SEA is a New York Corporation and has a place of business at 85 Challenger Road, Ridgefield Park, NJ 07660. Nordic lacks sufficient information to form a belief as to whether 85 Challenger Road, Ridgefield Park, NJ 07660 is SEA's principal place of business.

4. On information and belief, Nordic is a Texas limited liability company with its principal place of business at 8105 Rasor Boulevard, Suite 210 Plano, Texas 75024.

**ANSWER:** Nordic admits it is a Texas limited liability company with its principal place of business at 8105 Rasor Boulevard, Suite 210 Plano, Texas 75024.

## JURISDICTION AND VENUE

5. Samsung restates and incorporates by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

**ANSWER:** Nordic incorporates by reference its Answers to the allegations in the foregoing paragraphs.

6. Subject to its defenses and denials, Samsung alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) with respect to claims arising under

the patent laws, 35.S.C. §§ 101 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq. based on an actual controversy between Nordic and Samsung due to Nordic's allegations of infringement of United States Patent Nos. 7,590,097 (the "'097 Patent") and 6,345,095 (the "'095 Patent") (collectively, the "Asserted Patents").

**ANSWER:** Paragraph Six (6) contains a legal conclusion to which no response is required. To the extent a response is required, Nordic admits that Samsung purports to set forth claims for declaratory judgement under 28 U.S.C. §§ 2201 and 2202.

7. The Court has personal jurisdiction over Nordic, which has availed itself of this judicial district by filing its Complaint against Samsung in this Court.

**ANSWER:** Admitted.

8. Subject to Samsung's defenses and denials, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 for this action.

**ANSWER:** Nordic admits that venue is proper in this judicial district.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,590,097

9. Samsung restates and incorporates herein by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

**ANSWER:** Nordic incorporates by reference its Answers to the allegations in the foregoing paragraphs.

10. On January 28, 2020, Nordic filed its Complaint in this Court, alleging infringement of the '097 Patent by Samsung.

**ANSWER:** Admitted.

11. Samsung has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '097 Patent.

3

**ANSWER:** Denied.

12. As a result of Nordic's allegations, an actual case or controversy exists between Nordic and Samsung as to whether the '097 Patent is not infringed by Samsung.

**ANSWER:** Nordic admits that there exists an actual, continuing, and substantial case or controversy between Nordic and Samsung. Nordic denies any remaining allegations of this paragraph.

13. Accordingly, Samsung is entitled to a declaratory judgment that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '097 Patent.

**ANSWER:** Denied.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,590,097

14. Samsung restates and incorporates herein by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

**ANSWER:** Nordic incorporates by reference its Answers to the allegations in the foregoing paragraphs.

15. On January 28, 2020, Nordic filed its Complaint in this Court, asserting the '097 Patent against SEA.

**ANSWER:** Admitted.

16. The '097 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. § 101 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and of any other applicable statutory provisions of Title 35 of the United States Code, or the Rules and Regulations of the United States Patent and Trademark Office.

**ANSWER:** Denied.

17. As a result of Nordic's allegations, an actual case or controversy exists between Nordic and Samsung as to the invalidity of the '097 Patent.

**ANSWER:** Nordic admits that there exists an actual, continuing, and substantial case or controversy between Nordic and Samsung. Nordic denies any remaining allegations of this paragraph.

18. Accordingly, Samsung is entitled to a declaratory judgment that the '097 Patent is invalid.

**ANSWER:** Denied.

### COUNT III: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,345,095

19. Samsung restates and incorporates herein by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

**ANSWER:** Nordic incorporates by reference its Answers to the allegations in the foregoing paragraphs.

20. On January 28, 2020 Nordic filed its Complaint in this Court, alleging infringement of the '095 Patent by Samsung.

**ANSWER:** Admitted.

21. Samsung has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '095 Patent.

**ANSWER:** Denied.

22. As a result of Nordic's allegations, an actual case or controversy exists between Nordic and Samsung as to whether the '095 Patent is not infringed by Samsung.

**ANSWER:** Nordic admits that there exists an actual, continuing, and substantial case or controversy between Nordic and Samsung. Nordic denies any remaining allegations of this paragraph.

23. Accordingly, Samsung is entitled to a declaratory judgment that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '095 Patent.

**ANSWER:** Denied.

### COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,345,095

24. Samsung restates and incorporates herein by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

**ANSWER:** Nordic incorporates by reference its Answers to the allegations in the foregoing paragraphs.

25. On January 28, 2020 Nordic filed its Complaint in this Court, asserting the '095 Patent against Samsung.

**ANSWER:** Admitted.

26. The '095 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. § 101 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provisions of Title 35 of the United States Code, or the rules and Regulations of the United States Patent and Trademark Office.

**ANSWER:** Denied.

27. As a result of Nordic's allegations, an actual case or controversy exists between Nordic and Samsung as to the invalidity of the '095 Patent.

**ANSWER:** Nordic admits that there exists an actual, continuing, and substantial case or controversy between Nordic and Samsung. Nordic denies any remaining allegations of this paragraph.

28. Accordingly, Samsung is entitled to a declaratory judgment that the '095 Patent is invalid.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

No response to the Prayer for Relief is necessary. To the extent a response is required, Nordic denies any allegations contained in the Prayer for Relief and denies that Samsung is entitled to any of the requested relief.

Dated: July 2, 2020

Respectfully submitted,

/s/ Robert Christopher Bunt

William Cory Spence
Jason Wejnert
Alok Parikh
SpencePC
515 N. State St., 14th Floor
Chicago, Illinois 60654
312-404-8882
william.spence@spencepc.com
jason.wejnert@spencepc.com
alok.parikh@spencepc.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 418
Tyler, TX 75702
903/531-3535
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rules on July 2, 2020.

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt