# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| NORDIC INTERACTIVE TECHNOLOGIES LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 6:20-CV-00064 <br><br> JURY TRIAL DEMANDED |

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, Plaintiff Nordic Interactive Technologies LLC ("Nordic" or "Plaintiff"), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung" or "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party

to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). The "Producing Party" is the Party producing any information, and the "Receiving Party" is any Party receiving information. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE." The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript.

2. Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the

---

[1] The term "DESIGNATED MATERIAL" is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL -

provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, discovery responses, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy the original together with all copies of the inadvertently or unintentionally produced Protected Materials, including any and all documents, information, or material containing information or extracts derived from or based on the Protected Materials.

---

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE," both individually and collectively.

5.    "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, and employees assigned to and reasonably necessary to assist such in-house counsel in the litigation of this Action;

(d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent; and before access is given, each designated representative has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with a detailed description of the daily job-related tasks of the designated representative at least ten (10) days before access to the Protected Material is to be given to that designated representative, to allow the Producing Party to notify the Receiving Party in writing that it objects to disclosure of Protected Material to the designated representative. The Parties agree to promptly meet and confer in good faith, either in person or telephonically, to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)    outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than as a consultant for litigation(s); (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with: (i) the individual's name and business title; (ii) business address; (iii) business or profession; (iv) a current curriculum vitae; (v) any previous or current relationship (personal or professional) with any Party; and (vi) a list of other cases in which the individual has testified (at trial or deposition) within the last four (4) years at least ten (10) days before access

4

to the Protected Material is to be given to that consultant or expert, to allow the Producing Party to notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly meet and confer, either in person or telephonically, in good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.  All such litigation support service providers shall complete the Undertaking attached as Appendix A hereto before access to such Protected Materials is provided. For avoidance of doubt, an Undertaking executed by a member of the litigation support services provider applies to all employees of such litigation support service provider;

(g)     the Court and its personnel;

(h)     any witness in a deposition or trial providing sworn testimony where the use of such Protected Materials is necessary for the purpose of examining that witness. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the Undertaking attached hereto as Appendix A are present at those proceedings. Use of Protected Materials with a witness shall be subject to the limitations outlined in Paragraph 14 herein;

(i)     any mediator who is assigned to hear this matter, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(j)     an author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information. Such person shall be given access only to the specific document or information therein.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only

upon a good faith belief that the documents, information, or material contains confidential

or proprietary information, or trade secrets of the Party or a Third Party to whom the Party

reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.      Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a Producing Party believes that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL - SOURCE CODE." A Party's agreement to the entry of this Protective Order shall not be deemed an admission that the Party has relevant Source Code Material or that the Party must produce Source Code Material in this lawsuit.

9.      For Protected Material designated "RESTRICTED CONFIDENTIAL - ATTORNEYS'
EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to
individuals listed in paragraphs 5(a-b) and (e-j).

10.     For Protected Material designated "RESTRICTED CONFIDENTIAL - SOURCE CODE,"
the following additional restrictions apply:

(a)     access to a Party's Source Code Material shall be provided only on one (1)
"standalone" secured computer (that is, the computer may not be linked to any
network, including a local area network ("LAN"), an intranet or the Internet) (the
"Source Code Computer"). The Source Code Computer may be connected to a
printer, solely for the limited purposes permitted pursuant to paragraph 10(h)
below. Additionally, the Source Code Computer may only be located at the offices
of the Producing Party's outside counsel. The Producing Party shall also be entitled
to visually monitor the Receiving Party's activities in the Source Code Material
viewing room from outside such room, through a glass wall or window, so long as
the Producing Party cannot hear the Receiving Party or see the contents of the
Receiving Party's notes or the display of the Source Code Computer. The Receiving
Party shall maintain a log of all persons accessing the Source Code Material on
behalf of a Receiving Party; the Producing Party shall have the right to confirm the
identities of persons accessing such Source Code Material by inspecting and
photocopying government-issued photo identification for inclusion in such log; and
shall separately have a reasonable right of inspection to ensure that no one
inspecting Source Code Material is permitted in the secure facility while in
possession of any electronic device or device capable of receiving, recording, or
retransmitting any electronic signals. Notwithstanding any of the above, a
Producing Party may waive any of the requirements provided by this paragraph;

(b)     the Receiving Party's access to Source Code Material shall be limited to outside
counsel and up to three (3) outside consultants or experts[2] (i.e., not existing
employees or affiliates of a Party or an affiliate of a Party) retained for the purpose
of this litigation and approved to access such Protected Materials pursuant to
paragraph 5(e) above. A Receiving Party wishing to review Source Code Material
shall specifically identify up to three (3) individuals that are outside counsel,
experts, or consultants otherwise authorized under this Protective Order to access
Protected    Materials    designated    "RESTRICTED    CONFIDENTIAL    -
ATTORNEYS' EYES ONLY," to have access to a Producing Party's Source Code
Material, at least ten (10) business days prior to any proposed review thereof. Prior

_____

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the
outside consultant's or expert's clerical staff (i.e., those individuals not engaged in the substantive
review of Source Code Material).  But, each person that reports to an outside consultant or expert
who substantively reviews the Source Code Material will be subject to the disclosure requirements
of Paragraph 5(e) and will count as a separate consultant/expert.

to the first inspection of any requested Source Code Material, the Receiving Party shall provide ten (10) business days' notice of the Source Code Material that it wishes to inspect. The Receiving Party shall provide five (5) business days' notice prior to any additional inspection. When requesting inspection of a Party's Source Code Material, the Receiving Party shall identify the up to three (3) persons permitted above who will inspect the Producing Party's Source Code Material on behalf of a Receiving Party, including without limitation members of a Receiving Party's outside law firm;

(c)     Notwithstanding Section (b) above, either Party may in good faith request the other Party's consent to designate one or more additional outside consultants or experts, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional outside consultant(s) or expert(s) if the requesting Party believes the other Party has unreasonably withheld such consent; and before access is given, each outside consultants or experts has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with (i) the individual's name and business title; (ii) business address; (iii) business or profession; (iv) a current curriculum vitae; (v) any previous or current relationship (personal or professional) with any Party; and (vi) a list of other cases in which the individual has testified (at trial or deposition) within the last four (4) years at least ten (10) days before access to the Protected Material is to be given to that outside consultant or expert, to allow the Producing Party to notify the Receiving Party in writing that it objects to disclosure of Protected Material to the outside consultant(s) or expert(s). The Parties agree to promptly meet and confer in good faith, either in person or telephonically, to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d)     Source Code Material shall be made available for inspection between the hours of 9:00 a.m. and 5:00 p.m., local time, on business days (i.e., weekdays that are not Federal holidays). However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(e)     the Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer;

(f)     the Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. The Source Code Computer shall have tools installed sufficient to review and search the Source Code Material as requested by the Receiving Party and approved by the Producing Party. Absent agreement of the Producing Party or order of the Court, the Receiving Party shall not at any time use any compilers, interpreters, or simulators in connection with the Producing Party's Source Code Material. In the event the Receiving Party requests commercially available software tools for viewing and searching Source Code Material to be installed on the Source Code Computer, the Receiving Party must identify those tools and provide the Producing Party with licensed copies of the software tool(s), at the Receiving Party's expense, at least fourteen (14) calendar days in advance of a scheduled inspection.  Within the fourteen (14) day period, a Producing Party may object in writing to the installation of any software tool, explaining why the tool should not be installed on the Source Code Computer. The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the Source Code Computer or the Source Code Review Room;

(g)     during its review, the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device. The Receiving Party is prohibited from bringing outside electronic devices inside the Source Code Material viewing room, including but not limited to laptops thumb drives, hard drives, tape drives, modems, modem cards, floppy drives, zip drives, cameras, voice recorders or any other electronic device. A separate breakout room will be provided where the Receiving Party can leave their personal electronics (e.g., personal mobile phone) prior to entering the Source Code Material viewing room;

(h)     except as provided herein, no person shall copy, e-mail, transmit, upload, download, print, photograph, or otherwise duplicate any portion of the designated Source Code Material. The Receiving Party shall print only such limited portions of the Source Code Materials and shall not request paper copies for the purpose of reviewing Source Code Material. In no event may the Receiving Party print more than 30 consecutive pages (printed on standard US 8 1/2" x 11" paper with 1" margins, double-spaced, 12 point Times New Roman font with default character spacing, heretofore "Standard Pages"), or more than 250 Standard Pages total, of Source Code Material without prior written approval of the Producing Party. Upon the Receiving Party's printing any portions of Source Code Material, such printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy and label "RESTRICTED CONFIDENTIAL - SOURCE CODE" any pages printed by the Receiving Party, and return them to the Receiving Party within seven (7) business days of printing unless objected to. If the Producing Party objects based on a good-faith belief that the production violates the provisions of this Protective Order, the Parties shall make good faith efforts to resolve the dispute, and failing such resolution, the Receiving Party may move the Court to quash the objection, wherein the Producing Party will bear the burden of proving the sufficiency of the objection;

(i)     a Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document (collectively, "Court Documents"), provided that each Court Document is appropriately designated as "RESTRICTED CONFIDENTIAL - SOURCE CODE" under this Order, restricted to those who are entitled to have access to it as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(j)     to the extent portions of Source Code Material are used in a Court Document, either (1) the entire Court Document will be stamped and treated as "RESTRICTED CONFIDENTIAL - SOURCE CODE" or (2) those pages containing Source Code Material will be separately designated and treated as "RESTRICTED CONFIDENTIAL - SOURCE CODE";

(k)     if the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition). Source Code Material, whatever form, including as an excerpt or in notes, shall not be transmitted (e.g., by e-mail) or taken outside the territorial United States or be made the subject of a "deemed" export within the meaning of US export control laws, without the express prior written consent of the Producing Party; and

(l)     a Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 10(b) above to another person authorized under paragraph 10(b) above, on paper via hand carry, Federal Express or other similarly reliable courier, except as provided in paragraph 10(k). The Producing Party may also provide Source Code Material on a stand-alone computer at a deposition or a Court proceeding upon a reasonable request by the Receiving Party, which request shall not be unreasonably denied by the Producing Party.

11.    Any person on behalf of the Plaintiff permitted to receive the Defendants' Protected Material that is designated "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL - SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, HIGHLY SENSITIVE MATERIAL under this Order shall not,

prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the subject matter of the information disclosed in DESIGNATED MATERIAL on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two (2) years after its conclusion, including any appeals. Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing with his/her client any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation. Nothing in this provision shall apply to reexamination proceedings, inter partes review, covered business method review, or post grant review, except that such prosecution bar shall extend to direct or indirect assistance and/or direct or indirect participation in discussions relating to drafting or amending claims in reexamination, inter partes review, covered business method review, or post grant review proceedings. To ensure compliance with the purpose of this provision, an "Ethical Wall" will be created between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who may be involved in the prohibited activities.

12.     Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or

other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

13.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

14.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary

course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the designating Party or a current or former officer, director or employee of a company affiliated with the designating Party, (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order), (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation authorized under paragraph 5(e), (vii) court reporters and videographers, (viii) the Court, or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

15.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a final deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY."

16.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to

the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. This Order applies to pretrial discovery. Any use of Protected Material at trial shall be governed by a separate agreement or order. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant, expert, or designated representative to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received

14

a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts, or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda or work product of the Parties and materials which have been admitted into evidence in this Action), shall be destroyed, except that outside counsel for each Party may maintain for its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, one copy of all expert reports, and one copy of all discovery responses which contain or refer to DESIGNATED MATERIAL.

The Receiving Party shall verify the destruction by affidavit furnished to the Producing Party, upon the Producing Party's request. This paragraph does not prevent a Party's outside counsel from preserving its attorney work product, including memoranda and notes, relating to this case.

23.   The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

26.   Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

SIGNED on August 1, 2020

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| NORDIC INTERACTIVE TECHNOLOGIES LLC,<br><br>      Plaintiff<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>      Defendants. | Civil Action No. 6:20-CV-00064<br><br>JURY TRIAL DEMANDED |

**APPENDIX A**
**UNDERTAKING OF EXPERTS, CONSULTANTS, OR DESIGNATED**
**REPRESENTATIVES REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.      My address is _____.  My current employer is _____. My current occupation is _____.

2.      I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL,"

18

"RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____