# Arnold&Porter

**Marc A. Cohn**
+1 202.942.5797 Direct
marc.cohn@arnoldporter.com

August 7, 2020

**VIA E-MAIL**

Jason Wejnert
(Jason.Wejnert@spencepc.com)
Spence PC
515 N. State Street, 14th Floor
Chicago, IL 60654

> Re:  *Nordic Interactive Technologies LLC v. Samsung Electronics Co., Ltd. et al*, 6:20-cv-00064-ADA (W.D. Tex.)

Dear Jason,

We write in response to your August 5, 2020 letter, which responded to our July 21, 2020 letter.

First, though your response came nearly a month after Nordic served its infringement contentions and more than two weeks after our letter, if Nordic will extend the same reciprocal courtesy to us in the future if needed, we will not oppose an amendment of Nordic's contentions.

In particular, we would not oppose amended infringement contentions that add the new claim chart (Ex. E) and the specific statements below regarding the invention dates and production:

- The asserted claims of the '097 Patent have an invention date no later than October 31, 2002.

- The asserted claims of the '095 Patent have an invention date no later than August 14, 1998.

- Plaintiff is not in the possession, custody, or control of any documents further evidencing conception and/or reduction to practice of any asserted claims.

**Arnold&Porter**

Please provide us your proposed amended infringement contentions (in clean and redline form) **by Tuesday, August 11**.

Second, we continue to believe Nordic's position on the priority date of the asserted claims of the '097 Patent is frivolous. In particular, we disagree that the October 31, 2002 application, which issued as U.S. Patent No. 6,909,721 (the "'721 Patent"), provides Section 112 support for any of the claims of the '097 Patent, including asserted claims 19-24.

For example, with respect to every independent claim (and therefore every claim[1]) of the '097 Patent, we pointed out that there is no Section 112 support for the element "a discovered nearby device provides an indication that it may include middleware software" (the "Provides an Indication" element). In response, you cited only two passages of the '721 Patent (6:40-4 and 7:9-15). Both passages, however, are substantially the same and provide only that the terminal "sends an acknowledgement response message" to the server. There is nothing in the '721 Patent that says the "acknowledgement response message" is an indication at all, much less one that indicates that the terminal may include middleware.[2]

When contrasted to the new matter added to the September 16, 2003 application, the difference is clear. For example, as cited in our letter, the new matter in the Summary of Invention of the 2003 application describes the Provides an Indication claim element expressly:

The method comprises conducting an inquiry of the mobile ad hoc communications network to discover nearby devices. ***If the inquiry indicates that the nearby devices may include a middleware layer***, the

---

[1] You letter does not address the further issues we raised with claims 22-24 (e.g., that the '721 Patent does not disclose an inquiry response message or an inquiry result command).

[2] The "acknowledgement response message" ("ARM") simply acknowledges the message received from the server. ('721 Patent at 7:9-15). There is no description of the ARM being an indication of anything, and there are no other descriptions in the '721 Patent of the ARM other than the two you identified. And while the cited passage in column 7 also provides that the terminal sends a message (which appears to be different than the ARM) that includes a "local application directory" (7:14), the specification does not describe this message as indicating anything, and again much less indicating that the discovered device may include middleware.

*method further comprises creating a connection* to each of the nearby devices and confirming whether each of the nearby devices include the middleware layer.

'097 Patent at col. 3:7-13 (emphasis added); *see also* col. 10:41-47, FIG. 5. Indeed, this requirement for an indication related to middleware as a precondition for a connection (and subsequent steps leading to a connection) was a significant focus of the new matter (e.g., necessitating that the 2003 application be filed as a continuation in part).

In any event, we ask that Nordic reconsider its position, but if not, we will seek remedies at the appropriate time, including under 35 USC § 285.

Best regards,

Marc A. Cohn