# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| NORDIC INTERACTIVE TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No.: 6:20-CV-00064 (ADA)<br><br>Judge Alan D. Albright<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S RESPONSIVE CLAIM CONSTRUCTION BRIEF

# TABLE OF CONTENTS

I. Introduction………………………………………………………………….....1
II. Disputed Claim Terms…………………………………………..…………....1
    A. The '095 Patent
        1) "call initiation signal"……………………………………………....1
    B. The '097 Patent
        1) "middleware software"……………………………………………..4
        2) "middleware layer" / "the middleware layer"…………………………..6
III. Conclusion………………………………………………………………..…9

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                                    **Page(s)**

*CCS Fitness, Inc. v. Brunswick Corp.*,
    288 F.3d 1359, 1366 (Fed. Cir. 2002)……………………………………..…...……2

*Electro Med. Sys., S.A. v. Cooper Life Sciences*,
    34 F.3d 1048, 1054 (Fed. Cir. 1994)………………………………………..…5

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967, 973 (Fed. Cir. 1995)……………………………………...…….… 2, 6

*Phillips v. AWH Corp.*,
    415 F.3d 1303, 1313 (Fed. Cir. 2005)…………………………………………….2, 3, 7

*SunRace Roots Enter. Co., Ltd. v. SRAM Corp.*,
    336 F.3d 1298, 1303 (Fed. Cir. 2003)………………………………………….....3

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
    299 F.3d at 1326 (Fed. Cir. 2002)………………………………………………....5

*Thorner v. Sony Comput. Entm't Am. LLC*,
    669 F.3d 1362, 1364 (Fed. Cir. 2012)…………………………………………….1

*Vitronics Corp. v. Conceptronic, Inc.*,
    90 F.3d 1576, 1578 (Fed. Cir. 1996)…………………………………………...2

# **EXHIBITS**

Exhibit 1: October 22, 2008 Amendment in the Prosecution History of the '097 Patent

## I. INTRODUCTION

Claim construction is done in a manner with a directed goal of resolving disputes and assisting the jury. Samsung's Opening Claim Construction Brief misapplies portions of the specifications of both the '095 Patent and the '097 Patent to argue interpretations of claim terms that depart from what a person of ordinary skill in the art would understand. Namely, Samsung improperly imports limitations from dependent claims into the independent claim in the '095 Patent. And, further, Samsung proposes construction of one of the disputed terms in the '097 Patent without regard for the explicit language written in the claims of these patents and without proper connection to the specification. Moreover, Samsung's constructions attempt to add language not present in the claims and are inconsistent with the intrinsic evidence of the patents such that Samsung's constructions of the disputed claim terms within the '095 Patent and the '097 Patent are not consistent with the spirit of the respective inventions. By contrast, Nordic's constructions embrace the intrinsic record, are assisted by extrinsic expert testimony evidence, and provide the necessary guidance that claim constructions should provide.

## II. DISPUTED CLAIM TERMS

### A. The '095 Patent – "Call Initiation Signals" – Samsung's Proposed Construction Inappropriately Imports Limitations from Dependent Claims into the Independent Claims.

| Nordic's Construction | Samsung's Construction |
|---|---|
| Plain and Ordinary Meaning or Part of a telephone number | "any signal indicating that a calling party is going to place a telephone call" |

Nordic's proposed construction follows the principle that "[t]he words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution history." *Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362, 1364 (Fed. Cir. 2012). A claim term, though, "will not receive its ordinary meaning if the patentee acted as his own lexicographer and clearly

set forth a definition of the disputed claim term in either the specification or prosecution history." *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002). Additionally, a court should generally give such terms their ordinary meaning, but "a patentee may choose to be his own lexicographer and use terms in a manner other than their ordinary meaning, so long as the special definition of the term is clearly stated in the patent specification or file history." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1578 (Fed. Cir. 1996). The term "call initiation signals" in the '095 Patent was not defined differently in the specification of the patent. Thus, Nordic's proposed construction that the term "call initiation signals" be construed by its plain and ordinary meaning should be followed. Ordinary and customary meaning is the meaning the claim term would have to a person of ordinary skill in the art. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 973 (Fed. Cir. 1995). Accordingly, as stated in the Richard D. Gitlin Declaration attached to Nordic's Opening Claim Construction Brief, "the term 'call initiation signals' is readily understandable to one of ordinary skill in the art such that the plain and ordinary meaning of this term sufficiently defines the term, but if a construction is required, a person of ordinary skill in the art would understand the term 'call initiation signals' to mean 'part of a telephone number'." [DI 0035, Exhibit 3][1] at ¶ 20.

Samsung attempts to import limitations described in dependent claims into the asserted independent claim. In Samsung's Opening Claim Construction Brief, Samsung cites to the following part of the specification in the '095 Patent:

> In a preferred embodiment, the predesignated sequences are any call initiation signals that indicate that Calling Party 180 is attempting to place a telephone call. In a preferred embodiment, the predesignated sequences comprise call

---

[1] All references cited in this document as beginning with DI are documents already available on the docket with the referenced number.

> initiation signals that include a full telephone number. In a further preferred embodiment, the predesignated sequences comprise call initiation signals that include a telephone number without an area code. In a preferred embodiment, the predesignated sequences comprise call initiation signals that include a subscriber number without an area code or an exchange code. In an alternative preferred embodiment, the call initiation signals **may** contain a particular activation sequence, as is known in the art, and the predesignated sequences include this activation sequence. In this alternative preferred embodiment, the activation sequence **may** include a code character selected from the group consisting of # and *.
>
> '095 Patent at 4:66 – 5:15 (emphasis added).

Even after citing to this long paragraph in the '095 Patent that describes different embodiments of the call initiation signals and clearly states that "the call initiation signals **may** contain a particular activation sequence," Samsung's argument attempts to narrow the claim term of "call initiation signals" to "contain an activation sequence" and further that "the activation sequence comprises a code character…" *See* [DI 0034] at p. 11. By doing this, Samsung is incorrectly attempting to import the limitation of dependent claims 17 and 18 into that of independent claim 16. Samsung is disregarding the principle set forth in *Phillips* that "the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." 415 F.3d at 1309. "That presumption is especially strong when the limitation in dispute is the only meaningful difference between an independent and dependent claim, and one party is urging that the limitation in the dependent claim should be read into the independent claim." *SunRace Roots Enter. Co., Ltd. v. SRAM Corp.*, 336 F.3d 1298, 1303 (Fed. Cir. 2003). By comparing dependent claims 17 and 18 to independent claim 16, it can be clearly seen that the only

difference between the claims is an activation sequence introduced in claim 17 and further that the activation sequence comprises a code character selected from a group consisting of # and *. This explicit language of the dependent claims signifies that call initiation signals in claim 16 may include but not require an activation sequence. Therefore, Samsung is attempting to unduly narrow the independent claim of the '095 Patent to require what is recited in the dependent claims. Instead, the claim term "call initiation signals" should be given its plain and ordinary meaning or as recited in the expert declaration attached to Nordic's Opening Claim Construction Brief, to be "part of a telephone number."

Nordic alternatively proposes the construction that call initiation signals are at least "part of a telephone number" because the '095 Patent describes that call initiation signals can include any of the following: "a full telephone number", "a telephone number without an area code", or "a subscriber number without an area code or an exchange code." '095 Patent at 5:2-9. Therefore, Nordic's proposed construction that call initiation signals be construed by its plain and ordinary meaning or as at least "part of a telephone number" is consistent with the intrinsic evidence of the patent and confirmed by the extrinsic evidence.

### B. The '097 Patent

#### 1) "middleware software" – Samsung Seeks to Impermissibly Import Specific Embodiments Described in the Specification of the '097 Patent into the Language of the Claims

| Nordic's Construction | Samsung's Construction |
|---|---|
| Software providing discovery of applications and/or services | "a software layer with an API that negotiates the communication between two applications to help an application find a counterpart application with the correct role" |

Nordic's proposed construction is grounded in the specification and wholly consistent with the inventors' use of the term in the '097 Patent. Samsung, on the other hand, incorrectly argues in Samsung's Opening Claim Construction Brief that their construction of the term

4

"middleware software" is consistent with the lexicography of the specification. *See* [DI 0034] at p. 5-6. Further, in Samsung's Opening Claim Construction Brief, Samsung misleadingly points to the figures of the '097 Patent and makes an unfounded statement that since the term "middleware software" is referenced in the embodiments of the '097 Patent, its construction is supported. *Id.* at p. 6-7. There is nothing in Samsung's argument that should persuade the Court that further language needs to be read into the claim language to address the intent of the patentee when drafting the claims.

Specifically, Samsung has attempted to add terminology such as "APIs", "counterpart applications" and "correct role" to the claim language of the '097 patent. Samsung should be reminded that although the specification is highly relevant to the claim construction analysis "claims are not to be interpreted by adding limitations appearing only in the specification." *Electro Med. Sys., S.A. v. Cooper Life Sciences*, 34 F.3d 1048, 1054 (Fed. Cir. 1994). And Samsung should be further reminded "that claims are interpreted in light of the specification does not mean that everything expressed in the specification must be read into all the claims." *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1326 (Fed. Cir. 2002). Nonetheless, regardless of whether the embodiments cited by Samsung in Samsung's Opening Claim Construction Brief are preferred or not, "particular embodiments appearing in a specification will not be read into the claims when the claim language is broader than such embodiments." *Electro Med. Sys.*, 34 F.3d at 1054. The claim language in the asserted claims of the '097 patent recites a method that includes a determining step for "whether a discovered nearby device provides an indication that it may include a software program, **the middleware software configured for providing application and service discovery**" as well as an executing step for "**the middleware software to perform application and service discovery** with said nearby device." '097 Patent at 12:61-64 and 13:14-15 (emphasis added). This claim language plainly describes the middleware software as performing application and service discovery –

the construction set forth by Nordic in Nordic's Opening Claim Construction Brief. *See* DI 0035 at p. 6-8. Thus, although a "patentee is free to be his own lexicographer… any special definition given to a word must be clearly defined in the specification." *Markman*, 52 F. 3d at 980. The patentee in the '097 Patent has not expressed any desire to give the term "middleware software" a special definition. Instead, the patentee has in fact done the exact opposite. In addition to the previously recited claim language that middleware software provides application and service discovery, the '097 Patent describes embodiments to support this claim language. In embodiments described in the '097 Patent, such as that explained in Figure 5 along with another embodiment described in col. 10, lines 8-10 of the '097 Patent, middleware software is described as providing application and service discovery. Therefore, Samsung's construction adds unnecessary terms such as "APIs", "counterpart applications" and "correct role" in a convoluted construction to define a term that is already plainly defined in the claims as being "middleware software to perform application and service discovery." Accordingly, Nordic requests the Court to construe the term "middleware software" as "software providing discovery of applications and/or services."

**2) "middleware layer" / "the middleware layer" – Nordic's Construction Follows the Intent of the Patent and is Consistent with the Intrinsic Evidence of the '097 Patent**

| Nordic's Construction | Samsung's Construction |
|---|---|
| Software layer that includes middleware software | This term is indefinite |

The difference in construction between Nordic and Samsung regarding the terms "middleware layer" / "the middleware layer" is based on both a construction issue (regarding the term "middleware layer") and an antecedent basis issue (regarding the term "the middleware layer"). Nordic argued in its Opening Claim Construction Brief that "middleware layer" should be construed as "software layer that includes middleware software." *See* [DI

0035] at p. 9-11. This is well-grounded in the intrinsic evidence. This alone settles the construction argument. The term "middleware layer" is well-understood both from the specification ('097 Patent at 10:8-10) and in view of a POSITA (DI 0035, Exhibit 3 at ¶¶ 34-36).

Nordic proposed in its Opening Claim Construction Brief that "middleware layer"/ "the middleware layer" is not indefinite and should be given a construction of "software layer that includes middleware software." Nordic does not waive any of its arguments made in its Opening Claim Construction Brief. However, Nordic has considered the intrinsic evidence and Samsung's arguments regarding "middleware layer"/ "the middleware layer" and asserts that this term should be replaced with "middleware software" where it appears in dependent claims 20-21. Nordic believes this will reduce the Court's burden in construing claim terms and improve judicial economy in the case overall.

Specifically, the prosecution history of the '097 Patent shows that "middleware layer" was introduced in the independent claim throughout the prosecution of the '097 Patent until October 22, 2008 ("the October 22, 2008 Amendment"), when the Applicant made claim amendments and replaced "middleware layer" in the independent claim with "middleware software" but left them untouched in the dependent claims, not addressing the antecedent basis issue. *See* Ex. 1 (October 22, 2008 Amendment from '097 Patent Prosecution History) at p. 0962-0974.[2] In the October 22, 2008 Amendment, the Applicant amended the independent claim of the '097 Patent to claim the invention based on "middleware software" rather than "middleware layer." *Id*. These changes, though, were not made accordingly in the dependent claims of the October 22, 2008 Amendment[3].

---

[2] The October 22, 2008 Amendment is attached as Exhibit 1. The entirety of the prosecution history of the '097 Patent in the U.S. Patent Office is publicly available at USPTO.gov under Public PAIR. The full prosecution history of the '097 Patent is not included as an exhibit due to the size of the file.
[3] Nordic filed a Certificate of Correction for the '097 Patent to replace "middleware layer" with "middleware software" where it appears in all dependent claims, based on the prosecution history.

As discussed above for "middleware software," the same arguments referenced in Nordic's Opening Claim Construction Brief and herein for that term apply and are asserted again.

Therefore, the Court should adopt the construction that the middleware layer is "software layer that includes middleware software." Additionally, Nordic requests that the Court replace the term "middleware layer" with "middleware software" in claims 20-21 pending the outcome of the Certificate of Correction.

## III. CONCLUSION

Nordic's proposed constructions are consistent with the purposes of the claimed inventions, while Samsung's proposed constructions are inaccurate and depart from the intent of the patents, as well as the standards set forth in precedential cases. Adopting Nordic's proposed constructions will assist the jury in deciding the factual issues, if any, that remain for trial.

| Dated: November 18, 2020 | Respectfully submitted, |
|---|---|
| | **PARKER, BUNT & AINSWORTH, P.C.** |
| | */s/ Robert Christopher Bunt* |
| | Robert Christopher Bunt<br>State Bar No. 00787165<br>Charles Ainsworth<br>State Bar No. 00783521<br>100 E. Ferguson, Suite 418<br>Tyler, TX 75702<br>903/531-3535<br>E-mail: charley@pbatyler.com<br>E-mail: rcbunt@pbatyler.com |
| | William Cory Spence<br>Jason Wejnert<br>SpencePC<br>515 N. State St., 14th Floor<br>Chicago, Illinois 60654<br>312-404-8882<br>william.spence@spencepc.com<br>jason.wejnert@spencepc.com |
| | **Attorneys for Plaintiff Nordic Interactive Technologies LLC** |

## CERTIFICATE OF SERVICE

I hereby certify that, on November 18, 2020, a true and correct copy of the foregoing was served to all counsel of record who have consented to ECF notices.

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt